UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MADISON WEST, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    No. 3:24-cv-00279 |
| | ) |
| FARMAKEIO SUPERIOR | ) |
| COMPOUND PHARMACY, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

# ORDER

Before the Court in this products liability case is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 46) recommending that the Court grant Dan DeNeui, Dustin DeNeui, and Justin Graves' ("Individual Defendants") Motion for Summary Judgment (Doc. No. 39) and dismiss this lawsuit. Madison West, proceeding pro se, filed timely objections to the R&R. (Doc. No. 47). For the following reasons, West's objections will be overruled, the R&R will be approved and adopted, and this case will be dismissed.

## I.    BACKGROUND

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (Doc. No. 46 at 2–5). In short, Nurse Practitioner Chyrl Mosely prescribed West an injectable compound medication for weight loss known as a Pyridoxine Hydrochloride and Semaglutide Acetate ("the Medication"). West alleges that she took six injections of the Medication, as instructed, between May 16, 2023, and June 23, 2023. She then "became increasingly sick" and developed serious adverse medical conditions, including an incurable "condition that affects the stomach muscles and prevents proper stomach emptying" called gastroparesis. (See Doc. No. 10 at 3). She asserts that these adverse side effects require

continuous medical care and have negatively impacted all aspects of her life.

As a result of her injuries, West attempted to sue the company that filled her prescription for the Medication, which the Court understands is North American Custom Laboratories, LLC d/b/a FarmaKeio Compounding ("FarmaKeio"). She also properly sued three Individual Defendants who hold various high-level positions at FarmaKeio: Dan DeNeui (CEO), Dustin DeNeui (COO), and Justin Graves (vice-president).[1] (See Doc. Nos. 10; 40 at 4). She alleges Defendants were "negligent in the design, manufacturing, and distribution of" the Medication, and knowingly failed "to provide a product that was safe for the intended use of weight loss." (Doc. No. 10 ¶ 20). West further alleges that Defendants are liable for damages under the Tennessee Product Liability Act "for injuries caused by a product that is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." (Id. ¶ 20).

Defendants moved for summary judgment, arguing that the "Tennessee Products Liability Act governs all of" West's claims, and that her claims necessarily fail because she did not present any evidence that Defendants are "manufacturers" or "sellers" of the Medication. (Doc. No. 40 at 5). Defendants also contend that West cannot succeed on a design-defect claim because she did not present evidence (other than her own interrogatory responses) demonstrating that the Medication was defective or unreasonably dangerous at the time it left the unidentified manufacturer's control. (Id. at 7 n.2). Last, Defendants argue that West failed to prove that any alleged defect in the Medication *caused* her alleged damages. (Id. at 10).

II. **THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITIONS**

The Magistrate Judge began her R&R by acknowledging "the daunting task faced by a *pro*

---

[1] West initially filed her lawsuit in state court, but she filed an Amended Complaint after the case was removed to federal court. (See Doc. Nos. 1; 10).

*se* plaintiff who litigates" a products liability lawsuit "without the assistance of counsel," as well as "the personal difficulties faced by [West] over the last two years because of her continuing medical issues and the negative impact those issues have had on her life." (Doc. No. 46 at 7). However, "[i]n the end," the Magistrate Judge concluded that West did not adequately rebut the Individual Defendants' arguments and show that the Court should deny their motion for summary judgment. (Id. at 7–8).

Specifically, the Magistrate Judge found that West did not present affirmative evidence proving that the Individual Defendants are manufacturers or sellers of the Medication; and they cannot be held liable under the Tennessee Products Liability Act ("TLPA") based solely on their "management roles in FarmaKeio." (Doc. No. 46 at 11–12). The Magistrate Judge further found that even if West could prove the Individual Defendants are manufacturers or sellers under the TLPA, her claim would still fail because she has not presented any expert evidence or other proof demonstrating that a defect in the Medication caused her injuries. (Id. at 12–14) (finding that "the lack of expert proof on the issue of causation is fatal to her claim and warrants the grant of summary judgment to the Individual Defendants"). The Magistrate Judge separately recommends that the Court should dismiss FarmaKeio without prejudice under Rule 4(m) because West has not shown good cause for her continued failure to serve the proper company. (Doc. No. 46 at 15–16).

West filed timely objections to the R&R.[2] (Doc. No. 47).

### III. WEST'S OBJECTIONS

West fundamentally disagrees with the Magistrate Judge's conclusion that Defendants

---

[2] Local Rule 72.02(b) provides that objections to an R&R "may not exceed twenty-five (25) pages." Although West's pro se objections total twenty-seven pages, the Court has decided as a discretionary matter to consider her entire filing without excluding any pages over the limit.

presented "prevailing arguments" in support of their motion for summary judgment.[3]  (See Doc. No. 47 at 18).  While the Court understands her general position, its sole role at this point is to resolve any "proper" objections to the R&R.  "Proper" objections for the Court's review "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections."  L.R. 72.02(a); see also Fed. R. Civ. P. 72(b)(2).  Based on those proper objections, the Court then decides whether to "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).

The relevant procedural rules distinguish between proper objections that deserve de novo review, and "vague, general, or conclusory objections," which do "not meet the requirement of specific objections and [are] tantamount to a complete failure to object."  Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).   When a litigant makes improper objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless."  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).  "The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather than

---

[3] West spends pages accusing Defendants of acting in bad faith by not offering her money to settle the case. (Doc. No. 47 at 3–5).  However, as the Court stated in its prior Order, "Defendants are not required to settle a case in which they deny liability." (Doc. No. 36 at 1). West also "requests clarification on the Court's ruling on" her Motion to Compel Mediation (Doc. No. 29), because she believes the Court *granted* her motion, but the docket indicates that it was denied.  To clarify, the Court's January 6, 2025 Order approved and adopted the Magistrate Judge's prior R&R, granted West's *Motion to Review* the Magistrate Judge's Order, and denied the actual motion to compel mediation.  (See Doc. No. 36 at 2).  There is no procedural inconsistency between that Order and the docket, as the Court unequivocally denied her motion to compel mediation.

sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id. "A district judge [also] should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." Id. (quoting Lockert v. Faulkner, 843 F.2d 1015, 1019 (1988)).

The Court has carefully considered West's objections to the R&R, which are impressive considering she is a pro se litigant with no readily apparent legal background. The Court has also construed her arguments liberally where appropriate.

West first argues that the Individual Defendants have ownership interests in FarmaKeio, and the Court "may pierce the corporate veil when individuals misuse the corporate form to perpetuate fraud, evade legal obligations, or commit tortious acts." (Doc. No. 47 at 8–11, 21, 25). The Sixth Circuit recognizes that although "there is a presumption that a corporation is a separate entity from its shareholders," there may be situations where "a court can pierce the corporate veil" and hold shareholders liable for the corporation's actions. Laborers' Pension Trust Fund v. Sidney Weinberger Homes, Inc., 872 F.2d 702, 704 (6th Cir. 1988) (citations omitted); see also See Flynn v. Greg Anthony Constr. Co., Inc., 95 F. App'x 726, 733 (6th Cir. 2003) (citation omitted). West's efforts to invoke this doctrine fall short for three primary reasons. First, West likely waived her argument about piercing the corporate veil because she never raised it with the Magistrate Judge. Issacs v. Smith, 2005 WL 1947811, at *5 (S.D.N.Y. Aug. 12, 2005) ("[T]he purpose of objections to a report and recommendation is to focus the attention of the district court on possible errors of law or fact contained in the report, not to present new evidence and arguments that were not presented to the magistrate judge in the first instance."). Second, West has not presented any evidence to support her argument that the Individual Defendants "are fraudulently misrepresenting their positions and titles to avoid legal responsibility." (Doc. No. 47 at 11). Third, even if West did not waive this argument, and even if the Individual Defendants were alter egos of FarmaKeio,

5

her argument still fails because she has not demonstrated that the company is liable for any of the causes of action alleged in the Complaint.

Next, West "asserts that she was denied meaningful discovery due to Defendants' failure to fully respond to" interrogatories, which "prejudiced" her "ability to assert her claims and oppose summary judgment on a complete evidentiary record." (Doc. No. 47 at 19–20). The Court agrees with the Magistrate Judge that West's "response to the motion for summary judgment is simply not the proper time to present a lack of discovery argument that should have been presented at an earlier time through a motion to compel." (Doc. No. 46 at 9 (citations omitted)). West claims she "was not informed, nor was she aware, that a separate motion could be filed to alert the Court to Defendants' lack of cooperation in discovery," (Doc. No. 47 at 20), but the Court's Scheduling Order clearly and explicitly states that "[a]ll discovery motions must be filed by December 2, 2024." (Doc. No. 24 at 3). Although the Court acknowledges that West is proceeding pro se, that does not excuse her from complying with the Federal Rules of Civil Procedure, the Court's Local Rules, or the Court's scheduling orders. See McNeil v. United States, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Thus, her belated discovery grievance is not a proper basis to deny Defendants' motion for summary judgment.

West further objects to the Magistrate Judge's finding that she did not present adequate proof on the issue of causation. (See Doc. Nos. 47 at 23; 46 at 14). Specifically, she contends she presented evidence "sufficient to defeat summary judgment" through her "properly served Interrogatories" and "extensive documentation," including "healthcare providers' statements, medical reports, diagnostic test results, photographs, and personal impact statements." (Doc. No.

6

Case 3:24-cv-00279    Document 51    Filed 07/28/25    Page 6 of 10 PageID #: 559

47 at 23). The problem with this argument is that West claims she suffered complex medical injuries from the Medication, and this Court previously held that a plaintiff bringing a TPLA claim normally is "required to present *expert* testimony to establish causation in cases where [she] has suffered a complex medical injury, or in products liability cases." Campbell v. DePuy Orthopaedics, Inc., 2023 WL 2228978, at *3 (M.D. Tenn. Feb. 24, 2023) (collecting cases) (emphasis added). West admits that she did not present any expert testimony, and instead says she is "scheduled to meet with a nationally recognized gastroparesis expert" in November 2025 who "will be instrumental in supporting [her] claims." (Doc. No. 47 at 14). But the deadline to disclose an expert has come and gone, as the Magistrate Judge's Scheduling Order clearly states that "[a]ll discovery must be completed by November 1, 2024," and all motions for "summary judgment must be filed by January 31, 2025." (Doc. No. 24 at 2, 4). The Court cannot deny Defendants' ripe motion for summary judgment merely because West intends to meet with a potential expert months from now.

West also objects to the dismissal of FarmaKeio from this lawsuit under Rule 4(m) because "she has satisfied the burden of proof for proper and timely service under applicable rules." (Doc. No. 47 at 24). She has not. As the Court noted in its March 15, 2024 referral Order, the initial Complaint incorrectly identified "North American Custom Laboratories, LLC d/b/a FarmaKeio Compounding" as "Farmakeio Superior Compound Pharmacy," *and* that FarmaKeio "has not been served." (Doc. No. 7 at 1; see also Doc. No. 9 at 1 n.1). Despite being on notice that she sued the wrong corporate entity, West filed an Amended Complaint that did not list FarmaKeio as a party and again referred to "FarmaKeio Superior Compound Pharmacy" in the case caption. (Doc. No. 10). Defendants subsequently stated *at least six times*, including in the motion for summary judgment itself, that the Amended Complaint incorrectly identifies FarmaKeio as "Farmakeio

7
Case 3:24-cv-00279   Document 51   Filed 07/28/25   Page 7 of 10 PageID #: 560

Superior Compound Pharmacy," and that FarmaKeio "has not been served." (See Doc. Nos. 20 at 1 n.1; 32 at 1 n.1; 34 at 1 n.1; 39 at 1 n.1; 40 at 1 n.1; 45 at 1 n.1). For these reasons, the Court does not find persuasive West's assertion "that she was not informed, explicitly or implicitly, of any defect in service prior to the" R&R, and "[h]ad [she] been made aware, she would have taken immediate steps to cure the issue in accordance with applicable procedural rules." (Doc. No. 47 at 24–25). The Court agrees with the Magistrate Judge that "dismissal of FarmaKeio without prejudice under Rule 4(m) is warranted" because West did not properly serve FarmaKeio, and "she took no steps over the last year to cure this deficiency." (See Doc. No. 46 at 16).

It is difficult to discern the exact nature of West's remaining objections, particularly because they are vague or merely reargue facts the Magistrate Judge did not find relevant. For example, West claims she presented evidence showing that Defendants knew, or should have known, that the Medication is an "unreasonably dangerous" product under the TPLA. (Doc. No. 47 at 13). She also contends that the Magistrate Judge erred by not setting forth the legal standard governing failure-to-warn claims under the TPLA. (Id. at 26). Neither of these arguments matter because the Magistrate Judge recommended dismissal because West failed to show the Individual Defendants were manufacturers or sellers of the Medication, did not present expert testimony, and failed to show a defect caused her alleged injuries. West also asserts that the R&R "neglects to properly construe evidence and inferences in the light most favorable to [her] as required under Federal Rule of Civil Procedure 56." (Id. at 26). Then, without any citations to the record, she claims there are genuine disputes of material fact regarding "the harmful nature of the" Medication and the "causal link" between the Medication and her injuries. (Id. at 26–27). The Court need not address these arguments further because West does not explain what evidence she is referring to or why it is relevant to the Magistrate Judge's conclusions.

Last, West argues that "[s]ummary judgment at this stage would improperly deprive [her] of the opportunity to have her claims fully adjudicated on the merits." (Doc. No. 47 at 27). That is not the purpose of summary judgment. Instead, the summary judgment phase of a civil case presents an opportunity for a party (normally the defendant) to show "that, having had the sufficient opportunity for discovery, the non-moving party has no evidence to support an essential element of his or her case." Williams v. Lecureux, 996 F.2d 1455, at *2 (Table) (6th Cir. 1992) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "In ruling on a motion for summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. (citing Street, 886 F.2d at 1479). Indeed, it would make little sense for the Court to summon a jury and expend significant time and resources conducting a trial on issues of settled law without any relevant competing evidence. For the parties, the summary judgment stage is the time for them to present evidence demonstrating whether the case is a good candidate for trial. For the Court, summary judgment is a tool to help narrow contested legal issues and "dispose of factually unsupported clams or defenses, and the Supreme Court has directed that this procedural rule should be interpreted in a way which allows it to accomplish that purpose." Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). West had a full and fair opportunity to present evidence and legal arguments to the Court to survive Defendant's motion for summary judgment, and her failure to do so is the reason why her case against these Defendants will not proceed to trial.

Accordingly, West's objections are overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The R&R (Doc. No. 46) is **APPROVED AND ADOPTED**.

2. The Individual Defendants' Motion for Summary Judgment (Doc. No. 39) is **GRANTED**, and the claims against them are **DISMISSED WITH PREJUDICE**.

3. The claims against North American Custom Laboratories, LLC d/b/a FarmaKeio Compounding are **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) for lack of service of process.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file. West is on notice that this Court is no longer the proper forum in which to raise arguments; if she disagrees with the Court's rulings, she may file an appeal with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE